FILED BY _cg_ D.C.

05 NOV 18 AM 11: 05

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | Cr. No. 02-20029-Ma |
| DOYCE ELLIOT HUNT, | X | |
| Defendant. | X | |

ORDER DENYING MOTIONS FOR FREE TRANSCRIPTS AND COPIES

On February 2 and April 1, 2004, defendant Doyce Hunt, Bureau of Prisons registration number 18118-076, an inmate at the Federal Medical Center in Forth Worth, Texas, filed two pro se motions requesting free transcripts and copies. Hunt contends that he is "currently pursuing an appeal of his sentence under 28 U.S.C. § 2255 and other avenues of the Criminal Justice Act which are presently before the Court or will be forthcoming."

On April 29, 2002, Hunt pled guilty to conspiracy to manufacture methamphetamine. On August 7, 2002, the Court entered its judgment sentencing Hunt to 240 months imprisonment, to be served consecutively to any state sentence. Hunt appealed. The Sixth Circuit Court of Appeals affirmed Hunt's sentence. However, the Supreme Court granted certiorari, vacated the judgment, and remanded the case to this Court for resentencing under United

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on  11-21-05



States v. Booker, 125 S. Ct. 738 (2005). United States v. Hunt, 86 Fed. Appx. (Jan. 6, 2004), vacated, No. 04-6593, 125 S. Ct. 1045 (Jan. 24, 2005). Hunt is currently awaiting resentencing.

Hunt requests copies of his arraignment, trial, guilty plea, and sentencing transcripts.[1] If an indigent criminal defendant seeks a free transcript to use in preparing a motion under 28 U.S.C. § 2255, he may obtain one only "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f).

For the Court to decide a suit is not frivolous, a defendant must make a particularized showing of need for the transcript to justify providing the transcript at government expense. United States v. MacCollom, 426 U.S. 317, 326 (1976). "A federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent." Campbell v. United States, 538 F.2d 692, 693 (5th Cir. 1976). See also United States v. Lewis, 605 F.2d 379, 380 (8th Cir. 1979)(no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); Bentley v. United States, 431 F.2d 250, 252 (6th Cir. 1970)(defendant not entitled to free transcript to search for grounds to file a motion under § 2255); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963)("An indigent is not entitled to a transcript at government

---

[1] Hunt pled guilty. Therefore, no trial transcript exists.

expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").[2]

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects of the judgment and sentence, it is but natural to surmise that this is a fishing expedition and that the present vague allegation of illegality is not made in good faith."

Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964)(quoting United States v. Lawler, 172 F. Supp. 602, 605 (S.D. Tex. 1959)).

Hunt provides no factual basis supporting any claims to be based on the requested transcripts. Furthermore, he has been represented by counsel throughout his appeal. Appointed counsel is entitled to free copies of any documents in the record that counsel needs to represent the defendant on appeal. So long as Hunt is represented by counsel on his direct appeal or resentencing, he has no right to obtain other free copies of the transcripts.

Furthermore, Hunt is to be resentenced and may be afforded all relief he seeks under Booker. If he remains aggrieved, he will have the right to appeal the newly imposed sentence. To the extent Hunt is currently contemplating a motion to vacate, the Sixth Circuit has adopted a per se rule that a district court may not consider a § 2255 motion while the prisoner's direct appeal is

---

[2] Moreover, there is a split of authority about whether the transcript may be obtained before the actual filing of the § 2255 motion. Cf. United States v. Losing, 601 F.2d 851 (8th Cir. 1979)(transcript cannot be provided under § 753(f) until § 2255 motion actually has been filed) with United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964)(transcript should be provided to assist in preparation of motion if the putative movant makes a showing of need). For a thorough analysis of the underpinnings of these two cases and their progeny, see United States v. Chambers, No. 87-CR-80933-DT-04, 1992 U.S. Dist. LEXIS 4024 (E.D. Mich. March 23, 1992). The inadequacy of defendant's motions makes resolution of this issue unnecessary.

3

pending. See Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998)(affirming denial of habeas relief to prisoner whose direct appeal was pending in the Fifth Circuit); see also Bowen v. Johnston, 306 U.S. 19, 26-27 (1939); United States v. Duhart, 511 F.2d 7, 8 (6th Cir. 1975); United States v. Davis, 604 F.2d 474 (7th Cir. 1979); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968).

The defendant has not shown any particularized need for transcripts. He is currently awaiting resentencing and fails to demonstrate any particularized need for the transcripts which justify providing the transcripts at government expense. Accordingly, the motions for free copies of transcripts is without merit and is DENIED.

Should the defendant seek to purchase copies of transcripts, he should correspond directly with the court reporter through the Court Clerk's office and make the appropriate arrangements for pre-payment.

IT IS SO ORDERED this 17th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 211 in case 2:02-CR-20029 was distributed by fax, mail, or direct printing on November 21, 2005 to the parties listed.

---

Doyce Elliott Hunt
FMC-FORT WORTH
18118-076
P.O. Box 15330
Fort Worth, TX 76119--533

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT